IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JERRY LYNN REVELS, ) | |
| AKA JERRY LYNN JOHNS, ) | |
| AKA KEVIN LYNN REVELS, 654284, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:05-CV-830-M |
| ) | |
| DISTRICT ATTORNEY BILL HILL, ET AL., ) | |
| Defendants. ) | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas.  The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

### FINDINGS AND CONCLUSIONS

On February 11, 2005, Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate in the Estelle Unit of the Texas Department of Criminal Justice, Institutional Division.  Defendants are District Attorney Bill Hill, John Doe and Larrisa T. Roeder.  No process has issued in this case.

Court records indicate that Plaintiff has abused the federal judicial system.  The United States District Court for the Eastern District of Texas, Lufkin Division, has sanction Plaintiff in civil action 9:97-CV-207.  Plaintiff has been ordered to pay a sanction of $100 and is barred from filing additional pleadings with the court until the sanction is paid in full.  There is no

indication in the Eastern District's records or in Plaintiff's pleadings that the sanction has been paid.

Additionally, the United States District Court for the Southern District of Texas, Houston Division, has sanction Plaintiff $100 in civil action H-02-0927. Court records indicate that Plaintiff has not satisfied this sanction.

Pursuant to Miscellaneous Order 48, this Court "observe[s] and enforce[s] sanctions imposed by another federal court in Texas involving Texas Department of Criminal Justice inmates who file pleadings in this District, unless the sanctioned inmate establishes a change of circumstances or otherwise demonstrates that enforcing such previously imposed sanctions would be unjust." Plaintiff has not shown the required change of circumstances or that enforcement of the sanctions would be unjust. The complaint should be dismissed.

**RECOMMENDATION**

For the foregoing reasons, the Court recommends that the District Court dismiss Plaintiff's complaint as barred by sanctions.

Signed May 9, 2005.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**Findings, Conclusions and Recommendation**
 **of the United States Magistrate Judge**   Page 2

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on Plaintiff.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 472 (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**Findings, Conclusions and Recommendation**
 **of the United States Magistrate Judge**     Page 3